IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

J.M., a minor, by and through )
her parents and next friends, )
THOMAS and REBECCA MORRIS, )
                              )
        Plaintiffs,            )
                              )
v.                            )   Case No. CIV-07-367-JHP
                              )
HILLDALE INDEPENDENT SCHOOL   )
DISTRICT, NO. I-29 OF         )
MUSKOGEE CO., OKLAHOMA, a/k/a )
HILLDALE PUBLIC SCHOOLS;      )
THE HILLDALE PUBLIC SCHOOLS   )
SCHOOL BOARD; and BRIAN       )
GIACOMO,                      )
                              )
        Defendants.            )

## OPINION AND ORDER

This matter comes before this Court on the Amended Motion to Quash Defendant Hilldale Public Schools' Subpoena filed by Defendant Brian Giacomo on March 24, 2008 (Docket Entry #42). By Order entered March 31, 2008, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for disposition.

Plaintiffs allege in this action that J.M. was sexually abused and harassed by Defendant Brian Giacomo ("Giacomo") while J.M. was a student and Giacomo was an employee of Hilldale Public Schools. Defendants Hilldale Independent School District No. I-29 of Muskogee County, Oklahoma's and Hilldale School Board's (collectively referred to as "Hilldale") is alleged to have violated Title IX.

Giacomo was criminally charged and plead guilty to various charges in connection with his conduct with J.M. As a part of his plea, Giacomo signed an affidavit detailing his involvement with J.M. and Hilldale's alleged "breaches" of its obligations to J.M. as a student of the school.

This Court conducted a hearing on the Motion on April 15, 2008 to receive oral argument from counsel. At the conclusion of the hearing, Giacomo's counsel was directed to provide a privilege log setting forth the documents responsive to Hilldale's subpoena to both Hilldale and this Court. Additionally, counsel was directed to provide copies of the responsive documents to this Court for *in camera* review. The documents were submitted in a timely fashion.

Giacomo's counsel was served by Hilldale with a subpoena requesting

> Any and all correspondence, statements, electronic mail, notes, memoranda, depositions or other materials sent to or received from Rich Toon regarding the investigations, criminal prosecution, potential civil actions or any other information involving Danny Brian Giacomo.

Hilldale contends that the affidavit executed by Giacomo in his criminal case represents an orchestrated attempt to confer liability upon Hilldale in this civil action. Hilldale seeks the information in its subpoena in order to ascertain whether any coordination of effort occurred in the compilation of the affidavit's content between Plaintiffs' counsel and Giacomo's counsel.

2

This Court has independently reviewed the documents submitted *in camera*. The two documents submitted represent communications between attorneys who are adversaries in this civil action and were presumably in an adversarial relationship in Giacomo's criminal case. The attorney/client privilege is intended to protect "the communication between the client and the attorney . . . made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence." United States v. Ary, 518 F.3d 775, 782 (10th Cir. 2008) citing In re Qwest Commc'n Int'l. Inc., 450 F.3d 1179, 1185 (10th Cir. 2006). The communications at issue in the documents identified by Giacomo's counsel were not between Giacomo and his counsel but rather between opposing counsel. The attorney/client privilege is inapplicable to these communications.

The work product doctrine protection "extends to the production of material assembled by an attorney in preparation for impending litigation." Id. at 783 citing Thompson v. United States (In re September 1975 Grand Jury Term), 532 F.2d 734, 738 (10th Cir. 1976). Unless Hilldale's allegations of collusion between counsel is true, it cannot be argued that the communications between counsel occurred in the context of anticipated litigation. Therefore, the work product doctrine has no applicability to the documents produced by Giacomo's counsel for review.

IT IS THEREFORE ORDERED that the Amended Motion to Quash Defendant Hilldale Public Schools' Subpoena filed by Defendant Brian Giacomo on March 24, 2008 (Docket Entry #42) is hereby **DENIED**. Giacomo's counsel shall produce the documents responsive to Hilldale's subpoena no later than **MAY 16, 2008**. The Clerk of Court is directed to return the privileged documents submitted for *in camera* review to Giacomo's counsel from which they originated.

IT IS SO ORDERED this 12th day of May, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE