# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

J.M., a minor, by and through )
her parents and next friends, )
Thomas and Rebecca Morris, )
)
)
      Plaintiff, )
)
v. ) Case No. CIV-07-367-JHP
)
HILLDALE INDEPENDENT SCHOOL )
DISTRICT NO. I-29 OF MUSKOGEE )
COUNTY, OKLAHOMA; HILLDALE )
PUBLIC SCHOOLS BOARD OF )
EDUCATION; and BRIAN GIACOMO, )
)
      Defendants. )

## OPINION AND ORDER

This matter comes before the Court on the Motion to Compel Discovery From Muskogee County District Attorney filed by Defendant Independent School District No. I-29 of Muskogee County, Oklahoma ("Hilldale") on April 18, 2008 (Docket Entry #55). A response was received to the Motion from the Muskogee County District Attorney's office. By Order entered March 26, 2008, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for final disposition. Since neither Hilldale nor the District Attorney's office requested a hearing on the Motion and this Court perceives little utility in conducting one in order to render a decision, this ruling is made based upon the briefing of the parties.

Hilldale seeks to compel non-party Larry Moore, District Attorney for Oklahoma Judicial District No. 15, Muskogee, Oklahoma

("Moore") to produce documentation related to the investigation and prosecution of Defendant Danny Brian Giacomo. Moore objects to the request, claiming the Oklahoma Open Records Act permits the office of district attorney to keep his prosecutorial and investigative files confidential and protect them from discovery.

The Oklahoma Open Records Act (the "Act") expressly states, "the purpose of this act is to ensure and facilitate the public's right of access to a review of government records so they may efficiently and intelligently exercise their inherent political power." Okla. Stat. tit. 51 § 24A.2. The Act also provides for exemptions to providing public access to documents, including certain documents held by a district attorney, by stating

> Except as otherwise provided by state or local law, the Attorney General of the State of Oklahoma and agency attorneys authorized by law, the office of the district attorney of any county of the state, and the office of the municipal attorney of any municipality may keep its litigation files and investigatory reports confidential.
>
> Okla. Stat. tit. 51 § 24A.12.

Discovery in this action based on both federal law (Section 1983) and state law (pendant claims) is, of course, governed by the Federal Rules of Civil Procedure. Rule 26(b)(1) provides for discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." The paramount issue, then, is whether the stated exemptions under Oklahoma state law at § 24A.12 constitute privileges which would potentially restrict

production under Fed. R. Civ. P. 26(b)(1). This Court finds they do not.

The Act clearly is intended to pave the way for open and public disclosure of information otherwise secreted by governmental bodies. The exemptions contained in the Act are not privileges, sheltering information from civil litigation disclosure but rather constitute exceptions to the general requirements for disclosure under the Act. As a result, the production of the documents requested from Moore is not precluded by the Act.

Moore also states that the documents in his possession may not be complete and that the Muskogee Police Department would have a more complete file. The District Attorney can only produce that which he has in his possession. It will be the responsibility of Hilldale to make further requests from other agencies, should it deem it necessary to do so.

Moore also expresses concern that work product may be intermingled in the criminal file, including information regarding plea negotiations. It is difficult for this Court to rule on this issue in a vacuum. Should Moore be sufficiently concerned about producing protected documents, he should produce a privilege log to Hilldale at the time of the production of the remainder of the file, identifying the specific documents Moore contends represents work product. While Moore states identifying these papers would be difficult due to the large number of documents in his files, only

he can make the claim for work product and identify the documents he believes are protected.

In its Motion, Hilldale offers to receive the documentation requested under the terms of a protective order. In the interests of protecting the District Attorney's investigatory process as best as can be accomplished under the circumstances, production of Moore's files should be made under the umbrella of a protective order.

IT IS THEREFORE ORDERED the Motion to Compel Discovery From Muskogee County District Attorney filed by Defendant Independent School District No. I-29 of Muskogee County, Oklahoma on April 18, 2008 (Docket Entry #55) is hereby **GRANTED**. Accordingly, Larry Moore, District Attorney for Oklahoma Judicial District No. 15, Muskogee, Oklahoma shall provide the documents requested by Hilldale in accordance with the subpoena and any privilege log identifying documents allegedly protected by the work product doctrine no later than **JUNE 11, 2008**, or such other time as the parties may agree.

IT IS FURTHER ORDERED that the production, maintenance, and dissemination of the documents shall be made under the following conditions:

1. The documentation produced by Larry Moore, District Attorney to Hilldale shall be used solely for the purpose of this litigation and for no other purposes whatsoever.

2. The documentation shall only be made available to, disclosed to, or inspected by the parties to this case; counsel of record in the case or employees assisting counsel in this litigation; to consultants or experts who are employed by a party or a party's counsel to assist in the preparation and trial of this litigation; to court reporters recording testimony at a deposition; the Court; court personnel and other persons mutually agreed upon by counsel for the parties or ordered by this Court.

3. Any person receiving the documentation will also be provided a copy of this Order and shall be bound by its terms.

4. Any reference to the documentation in pleadings or documents filed with this Court will be submitted under seal with the notation that it is submitted under seal and confidential.

5. Upon termination of this action by settlement, dismissal, final judgment or mandate following appeal, any person or entity other than the Court who has had possession of the documentation produced under this Order shall return the materials to Larry Moore, District Attorney or his designated representative.

6. The provisions of this protective order may be amended or altered upon an appropriate filed request by any party to this action or Mr. Moore, if it is deemed by this Court that such an amendment or alteration is warranted.

IT IS SO ORDERED this 6th day of June, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE