# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J.M., a minor, by and through her parents and next friends, THOMAS and REBECCA MORRIS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | Case No. CIV 07-367-JHP |
| HILLDALE INDEPENDENT SCHOOL DISTRICT NO. I-29 OF MUSKOGEE COUNTY, OKLAHOMA a/k/a HILLDALE PUBLIC SCHOOLS, and BRIAN GIACOMO, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the defendant, Hilldale Independent School District No. I-29 of Muskogee County Oklahoma a/k/a Hilldale Public School's ("the School District"), Renewed Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial, or to Alter or Amend the Judgment, Plaintiff's Response, and Defendant's Reply to said motion. Plaintiffs, Thomas and Rebecca Morris, brought this action on behalf of their daughter, J.M., for violation of her rights under federal and state law. Plaintiffs claimed violations pursuant to the Fourteenth Amendment of the United States Constitution, and more specifically 42 U.S.C. §1983 and 20 U.S.C. §1681 (Title IX of the Education Amendments of 1972). Plaintiffs also asserted pendant state law claims against the School District based on its negligent supervision of one of its teachers, the defendant, Brian Giacomo ("Giacomo") and the School District's failure to report

alleged abuse of a child. Plaintiffs' state law claims were asserted pursuant to the Oklahoma Governmental Tort Claims Act. Okla. Stat. tit. 51 §151 et seq. Plaintiffs sought actual damages from the School District, and actual and punitive damages from Giacomo. On August 15, 2008, the jury returned a verdict in favor of Plaintiffs and against the School District in regard to the following claims:

> (1) 42 U.S.C., §1983 — Danger Creation Theory in the amount of one hundred and fifty thousand dollars ($150,000.00);
> (2) 42 U.S.C., §1983 — Inaction Theory in the amount of one hundred and fifty thousand dollars ($150,000.00);
> (3) 20 U.S.C., §1681 – Title IX in the amount of one hundred and fifty thousand dollars ($150,000.00) , and the
> (4) Oklahoma Governmental Tort Claims Act ---- Negligent Supervision in the amount of one hundred and fifty thousand dollars ($150,000.00).

The School District argues the Plaintiffs obtained duplicative recoveries by pleading alternative theories for the same relief.[1] The School District contends that if claims arise from the same operative facts and seek identical relief, an award of damages under both theories constitutes double recovery. The School District concludes the four theories of recovery asserted by Plaintiff arose from the same operative facts and sought identical relief. The Court finds, however, this was not the case.[2] "This is not a case where alternative legal theories [sought] to

---

[1] The School District does not allege the Court inappropriately or inadequately instructed the jury. "Therefore, [the Court must] assume that the jury followed the instructions. Youren v. Tintic School District, 343 F.3d 1296, 1306 (10th Cir. 2003) citing Macsenti v. Becker, 237 F.3d 1223, 1235 (10th Cir. 2001)("[T]here was no contention of improper or inadequate instructions to the jury, ... [and thus a] double recovery argument fails because courts must assume that the jury performed its duty in accordance with those instructions.")

[2] The Court does, however, agree the same constitutional right was at stake in both Section 1983 claims, and therefore the damages attributable to this injury are duplicative. "Where, [ ] the jury verdict cannot be explained by the evidence in the record and duplication is apparent, 'the court, either sua sponte or on motion of a party, should reduce the judgment by the amount of the duplication," and thereby prevent double recovery." Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1079 (10th Cir. 2008) citing Mason v.

remedy the same wrong," and the Court was careful to craft the jury instructions in such a fashion so as to inform the jury of the different legal theories asserted and to include a separate jury instruction to remind the jury it could not award damages more than once for the same injury. Hardeman v. City of Albuquerque, 377 F.3d 1106, 1118 (10th Cir. 2004); Jury Instruction No. 41. Each verdict form addressed a different theory of liability and compensated Plaintiffs for different injuries. As the jury was instructed, **"if different injuries were attributed to the separate claims**, Plaintiffs could be compensated fully **for each claim**." Jury Instruction No. 41.

The jury found the School District liable under four separate causes of action including, Section 1983; Danger Creation Theory, Section 1983; Inaction Theory; Title IX, and Negligent Supervision. Necessarily, the relief requested under these causes of action was distinct and included requests for damages resulting from different injuries including violations of a constitutional right, a federal statutory right, and a common law right grounded in negligence.

The constitutional right, and the injury redressed in both Section 1983 causes of action is the right to personal security and bodily integrity. Abeyta v. Chama Valley Indep. Sch. Dist., 77 F.3d 1253, 1255 (10th Cir. 1996); Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 726 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990), Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 451 (5th Cir.)(en banc), cert. denied 513 U.S. 815 (1994). "To be sure, the magnitude of the liberty deprivation that sexual abuse inflicts upon the victim is an abuse of governmental power of the most fundamental sort; it is an unjustified intrusion that strips the very essence of personhood. If the "right to bodily integrity" means anything, it certainly encompasses the right not to be sexually assaulted under color of law." Doe v. Claiborne County, Tenn. By and Through

---

Okla. Tpk. Auth., 115 F.3d 1442, 1459 (10th Cir. 1997).

Claiborne County Bd. Educ., 103 F.3d 495, 506-507 (6th Cir. 1996). The substantive component of the Due Process Clause protects students against abusive governmental power including the right to attend school free from sexual abuse at the hands of a public school teacher. The jury was instructed in this regard. See Jury Instruction No. 9.

The federal statutory right at issue in the Title IX cause of action is the right not to be deprived access to the educational benefits or opportunities provided by a school district on the basis of sex. Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999); Gesber v. Lago Vista Indep. School Dist., 523 U.S. 274, 282 (1998). As noted by this Court and conceded in the School District's Motion for Summary Judgment at 21, the Tenth Circuit has specifically held that Title IX does not preempt a claim under 42 U.S.C. §1983 to enforce a constitutional claim arising from the same facts. Seamons v. Snow, 84 F.3d 1226 (10th Cir. 1996). The Court in Seamons specifically states that "a federal statutory scheme [cannot] preempt independently existing constitutional rights, which have contours distinct from the statutory claim." Id. at 1233.

Finally, the right inherent in the negligent supervision claim is the right of a student to be safe from danger which arises under a common law negligence theory. Further, the damages available to Plaintiffs under this negligence cause of action were not the same as those available under the Section 1983 and Title IX claims. Therefore, Plaintiffs did not seek identical relief in this cause of action. See Jury Instruction No. 25.

The jury was instructed in Instruction No. 41 that **if different injuries were attributed to the separate claims**, Plaintiff could be compensated fully **for each claim**. Further, Instruction No. 42 directed the jury to award the total amount of damages for **each individual claim on separate verdict forms**. Each cause of action was distinctly and separately addressed in Jury Instruction No. 42. Each cause of action represented a violation of a different right and the jury

awarded compensation for each injury accordingly. Therefore, consistent with the jury instructions, the jury found Plaintiff sustained different injuries in regard to the different claims and awarded separate damages for each claim.

The School District also contends the judgment in this case in regard to the negligence award exceeded the monetary cap allowed by Okla. Stat. tit. 51, §154(b). The Court agrees and will issue an Amended Judgment consistent with this Order.

The remaining issues raised in the School District's Motion have either previously been addressed by the Court, or are denied.

Accordingly, Defendant's Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial, or to Alter or Amend the Judgment is granted in part and denied in part.

IT IS SO ORDERED this 3rd day of October 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma